## NATIONAL SCHOOL of COSMETICIANS v MAGEL

Ohio Appeals, 2nd Dist, Miami Co

No 281. Decided Dec 8, 1931

Craighead, Cowden, Smith & Schnacke, Dayton, for plaintiff in error.

E. H. Kerr & R. A. Kerr, Tippecanoe City, for defendant in error.

KUNKLE, J.

Counsel have favored the Court with unusually exhaustive briefs in which many decisions are cited and certain portions of the testimony discussed. We have read this record and have considered the briefs of counsel with care. We shall not attempt to discuss in detail the various questions raised by counsel in their briefs. We will merely announce the conclusion at which we have arrived after a consideration of the record and the briefs of counsel.

There is a sharp conflict in the testimony as to what transpired when and prior to the time defendant in error and her daughters became pupils in the school of plaintiff in error. This resolves itself into a question of the credibility of the witnesses and that is a question peculiarly within the province of the jury. It will also be observed that the award of the jury was $1330.00 whereas the amount claimed by defendant in error was $2830.00.

. We cannot therefore say from the record, in view of the absence of any findings of fact, that any award was allowed defendant in error by the jury for failure to secure positions. The award of the jury was not equal to the amount claimed by defendant in error for tuition, room and board. If no award was made by the jury for the failure of plaintiff in error to secure positions as defendant in error claims was guaranteed them the plaintiff in error could not be prejudiced by reason of any improper rulings of the trial court if any such improper rulings were made, in so far as it related to damages for failure to secure positions.

We find no error in the introduction of evidence nor in the general charge of the trial court nor in the ruling of the trial court in respect to the different causes of action.

Complaint is made of the trial court's refusal to give one of the special charges requested by counsel for plaintiff in error before argument.

It must be kept in mind that defendant in error in part, at least, relies upon an express guaranty to secure the positions in question and upon the express statement that plaintiff in error had more calls for equipped students than it could fill. We are

of opinion that the charge as requested, which was refused was incomplete and might be misleading in that it did not include the express guaranty which defendant in error claims and the express statement upon which defendant in error claims to have relied that plaintiff in error had more calls and demands for equipped students than it could furnish.

We think the Court in its general charge correctly stated the rule upon this subject.

On page 4 of the charge to the jury the Court states:

"A false representation that is made in the course of business in the conduct of life does not always entitle the party who receives it to bring an action for damages, although such representation is false; in order to be actionable, to entitle the injured party to damages, these representations must be as to present, existing or past facts, a representation as to something that is to occur in the future is not actionable, but if the representation is made in regard to something existing at the time it is made, or transpired as a fact, if such representation is false and made to induce the other party to act upon it, and the other party in relying upon such representation does act upon it, then for any damages that may directly result from such fraudulent representations, the party making it, either the agent or an officer of the company, the company would be liable; it would not be sufficient in this case on the ground of fraudulent representations, if the evidence should show only that there was a promise or a hope held out that a position should be secured for the plaintiff and her daughters in the future; it would be necessary that the representations should not only be false and fraudulent, but should relate to an existing state of affairs at the time they were made, and the language of the petition is explicit in that respect and I need not read it again, but it must appear that the representation was made at the time it was made, that the defendant company **absolutely guaranteed** to secure these positions for plaintiff and her daughters after their graduation, unless these representations arise and went to that extent, they are not actionable, and would not entitle plaintiff to recover any damages in this action. Representations so made, in order to be actionable, must have been false and made with a knowledge of their falsity and made with the intent to deceive and then acted upon as such, or made as a positive statement of an existing, present fact, made recklessly and without any knowledge, any real knowledge of any truth of such represen-

tations."

We think the trial court fully and fairly presented the issues in this case to the jury for its consideration and that the charge contained as favorable a statement' of the law as plaintiff in error was entitled to receive.

We have considered all the errors urged by counsel for plaintiff in error in their brief and upon a consideration of the record, are of opinion that it contains no error which could be claimed as error prejudicial to the plaintiff in error.

Judgment of the lower court will therefore be affirmed.

ALLREAD, PJ and HORNBECK, J, concur.